IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY CALLOWAY and, ) <br> SHAWN CALLOWAY ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TARGET CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 09-664 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This is a premises liability case in which Plaintiff Kimberly Calloway alleges that injuries she sustained after she slipped and fell on a yellowish liquid in Defendant Target Corporation's ("Target") Monroeville, Pennsylvania store were proximately caused by Target's negligence. Her husband, Shawn Calloway, asserts a claim for loss of consortium. The parties have completed discovery and Target has moved for summary judgment. (Docket No. 19). The motion has been fully briefed and the Court heard oral argument from counsel on January 20, 2010. (*See* Docket Nos. 19-27, 29, 32, 33). Upon consideration of the parties' positions, and for the following reasons, Target's Motion [19] is DENIED.

To prove her claim of negligence under Pennsylvania law, Calloway must establish: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Estate of Swift v. Northeastern Hospital of Philadelphia*, 456 Pa.Super. 330, 690 A.2d 719, 722 (Pa.Super.Ct. 1997). Only the "duty" element is at issue in this motion. A store owner owes a duty of care to a business invitee under section 343 of the Restatement (Second) of Torts only if, among other things, the store owner

"knows or by the exercise of reasonable care would discover the condition." RESTATEMENT (SECOND) OF TORTS § 343 (1965); *see also Myers v. Penn Traffic Co.*, 606 A.2d 926, 928 (Pa. Super. Ct. 1992). A business "invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." *Swift,* 690 A.2d at 723.

Target's burden on summary judgment is to demonstrate that, based on the evidence of record, there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In support of its motion, Target maintains that Calloway has failed to present sufficient evidence for a jury to find that it had actual or constructive notice of the liquid on the floor prior to Calloway's fall. (Docket No. 22). There is no dispute that Target did not have actual notice of the condition. (Docket No. 20 at ¶ 6; Docket No. 29 at ¶ 6). However, in this Court's estimation, viewing the factual record in favor of Calloway, *see Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir.2007), she has presented sufficient evidence to establish genuine issues of material fact regarding whether Target had constructive notice of the liquid on the floor and whether Target should have known of the liquid's presence through the exercise of reasonable care.

"The premise underlying constructive notice is that the defective condition must have been present long enough that, in the exercise of reasonable care, the defendant should have known of its presence." *Cox v. Wal-Mart Stores East, L.P.*, Civ. A. No. 07-2391, 2008 WL 4072804, at *8 (E.D.Pa. Aug. 26, 2008)(citing *Martino v. Great Atlantic & Pac. Tea Co.*, 419 Pa. 229, 213 A.2d 608, 610 (Pa. 1965)). It is undisputed that the precise length of time that the yellowish liquid was

on the floor prior to Calloway's fall cannot be established. (Docket No. 20 at ¶ 7; Docket No. 29 at ¶ 7). However, for the following reasons, a jury could reasonably infer from the factual record that the liquid was present on the floor for a long enough period that Target should have known of its presence in the exercise of reasonable care. *See Cox*, 2008 WL 4072804 at *8.

Calloway's fall occurred a few feet away from a then Target employee, Delores Wing, who testified that her duties as a greeter at the store required her to observe the condition of the floor and to ensure that it was clear of liquids and other debris. (*See* Docket No. 27-2, *Wing deposition* at 11). In fact, she testified that if she had seen the liquid on the floor, she would have cleaned it up. (*Id.*). Wing was initially positioned near the area where the accident occurred and did not observe any liquid on the floor. (*Id.* at 28). She did observe other patrons near the area, including a woman with two young children, who had popcorn and a drink in a cart,[1] which she believed were purchased at Target's concession area. (*Id.* at 13-16). Wing then left the area to attend to an issue at the register area of the store. (*Id.* at 13, 16-17). Some time later, Wing returned to her former position in the store, and encountered Calloway, who asked her a question regarding the location of lawn care products in the store. (*Id.* at 13, 17). Wing testified that she did not see the liquid on the floor at that time but that she "never got a chance to look" because of her encounter with Calloway. (*Id.* at 28). After a very brief discussion between the two, Calloway took a step away from Wing and fell, slipping on the yellowish liquid. (*Id.* at 13, 17).

Given the location of the fall, the proximity of Target's employee, Wing, to that location both before and after the fall, Wing's testimony that she did not observe any liquid on the floor until after

---

[1] Target sells same at its concession area which is located just inside the entrance to the store. (Docket No. 29 at ¶ 8; Docket No. 32 at ¶ 8).

the fall, and the fact that Wing's duties included observing and removing any conditions on the floor, including any liquids, triable issues of fact remain regarding whether Target had constructive notice of the liquid on the floor and whether Target, through its then employee Wing, exercised reasonable care in locating and responding to the condition.  Therefore, Target has not met its burden to establish that it is entitled to summary judgment.  Accordingly, it is hereby ORDERED that Target's motion for summary judgment [19] is DENIED.  It is further ORDERED that the Court will convene a settlement conference on **Tuesday, February 23, 2010 at 1:00 p.m.**  A further Order detailing the parameters of the Settlement Conference follows.

                                              *s/Nora Barry Fischer*
                                              Nora Barry Fischer
                                              United States District Judge

Dated:  February 16, 2010

cc/ecf:  All counsel of record.